IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SECURE ELEMENTS, INC., | ) | |
| | ) | |
| Plaintiff and Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-098-SLR |
| | ) | |
| CITADEL SECURITY SOFTWARE, INC. n/k/a CDSS WIND DOWN, INC., | ) | |
| | ) | |
| Defendant and Counterclaim Plaintiff | ) | |
| | ) | |

MOTION OF MCAFEE, INC. SEEKING LEAVE TO FILE
A BRIEF AS <u>AMICUS CURIAE</u> IN RESPONSE TO
THE COURT'S ORDER TO SHOW CAUSE

McAfee, Inc. ("McAfee"), by an through its undersigned attorneys, hereby respectfully

moves this Court for an Order granting McAfee leave to file a brief as <u>amicus curiae</u> in response

to the Order to Show Cause entered by this Court on April 22, 2008.  The grounds for this

motion are as follows:

1.      Although there is no rule governing the appearance of an <u>amicus curiae</u> in this

Court, it is well established that District Courts have the inherent authority to designate <u>amici</u>

<u>curiae</u> to assist the court in a proceeding.  <u>See, e.g.</u>, <u>Liberty Res., Inc. v. Philadelphia Hous.</u>

<u>Auth.</u>, 395 F. Supp. 206, 209 (E.D. Pa. 2005); <u>Verizon New England v. Maine Pub. Util.</u>

<u>Comm'n</u>, 229 F.R.D. 335, 338 (D. Me. 2005); <u>Avellino v. Herron</u>, 991 F. Supp. 730, 732 (E.D.

Pa. 1998).  In determining whether to permit a nonparty to appear <u>amicus curiae</u> in an action,

District Courts in this Circuit have recognized that the Third Circuit's application of Fed. R.

App. P. 29, which governs the appearance of <u>amici</u> in the United States Courts of Appeals,

provides guidance.  <u>See, e.g.</u>, <u>United States v. Alkaabi</u>, 223 F. Supp.2d 583, 592 (D.N.J. 2002).

Specifically, Rule 29 of the Federal Rules of Appellate Procedure permits a nonparty to seek leave to appear as amicus curiae by motion, and the motion must be accompanied by the proposed amicus brief and state: (a) the movant's interest, and (b) the reason an amicus brief is desirable and the reason the matters asserted are relevant to the disposition of the action. See Neonatology Assocs., P.A. v. Comm'r of Internal Revenue, 293 F.3d 128, 131 (3d Cir. 2002).

    2.    Amicus status typically is granted where (a) the amicus has a "special interest" in the particular action, (b) the amicus' interest is not represented completely or at all in the action, (c) the proffered information is timely and useful, and (d) the amicus is not partial to a particular outcome in the action. See Sciotto v. Marple Newtown Sch. Dist., 70 F. Supp.2d 553, 554 (E.D. Pa. 1999); see also Harris v. Pernsley, 820 F.2d 592, 603 (3d Cir. 1987) ("permitting persons to appear in court, either as friends of the court or as interveners for a limited purpose, may be advisable where third parties can contribute to the court's understanding of the consequences of" the action). While the partiality of an amicus is a factor to be considered by this Court in deciding whether to allow participation, there is no rule that amici must be totally disinterested. See Waste Mgmt. of Pa., Inc. v. City of York, 162 F.R.D. 34, 36 (M.D. Pa. 1995); see also Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982) ("there is no rule . . . that amici must be totally disinterested"); Neonatology, 293 F.3d at 132 (rejecting the argument that amici must be impartial and not motivated by pecuniary concerns).

    3.    In applying this standard, District Courts should recognize that the purpose of amicus appearances "is to assist the Court in reaching the right decision in a case," Russell v. Board of Plumbing Exam'rs, 74 F. Supp.2d 349, 351 (S.D.N.Y. 1999), and that motions to appear amicus curiae should be granted where a nonparty "can contribute to the court's understanding of the" issues being presented to the court. Harris v. Pernsley, 820 F.2d 592, 603

(3d Cir. 1987). Simply stated, although an <u>amicus curiae</u> does not become a party to an action, and is not subject to the <u>in personam</u> jurisdiction of the court, <u>See</u> <u>In re: Bayshore Ford Trucks Sales, Inc.</u>, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006), a court should permit a nonparty to participate as "a friend of the court" if the nonparty will assist the court in adjudicating the action. <u>See</u> <u>id.</u>

     4.    McAfee, a nonparty that currently is not subject to the jurisdiction of this Court in connection with this action, has a "special interest" in this action because McAfee purchased the subject matter of this litigation -- the patent at issue in this action -- from defendant, counterclaim plaintiff Citadel Security Software, Inc. ("Citadel") while this action was pending. Indeed, any decision of this Court in connection with the patent, which includes the entering of a default judgment against Citadel, may impact the patent and may impact McAfee's interest in the patent. Accordingly, it is indisputable that McAfee has a "special interest" in this action, and, thus, the first prong of the standard set forth above in paragraph 2 is satisfied.

     5.    McAfee's "special interest" is not represented at all in the action because, as stated by Citadel's former counsel, Citadel "no longer has an interest in this case as it no longer owns the patent in suit." <u>See</u> D.I. 20, at ¶4. Simply stated, although McAfee is the owner of the patent that is at issue in this action, (a) McAfee is not a party in this action, (b) McAfee is not subject to the jurisdiction of this Court in connection with this action, and (c) McAfee cannot rely upon Citadel to defend and to prosecute McAfee's interests in this action. Indeed, Citadel's failure to retain substitute counsel, this Court's Order to Show Cause and the possibility of a default judgment being entered against Citadel all reflect Citadel's unwillingness to participate in this action. Accordingly, McAfee's "special interest" is not represented at all in this action, and, thus, the second prong of the standard set forth above in paragraph 2 is satisfied.

6.    McAfee is filing this motion prior to the deadline established by the Court in its Order to Show Cause, and, thus, the information contained in McAfee's brief (which is attached hereto as Exhibit A) has been filed timely.  Indeed, it is amazing that neither Citadel nor plaintiff, counterclaim defendant Secure Elements, Inc. ("Secure") did not inform the Court prior to this motion that the subject matter of the action no longer is owned by Citadel.  Apparently, Citadel did not want to go to the expense of retaining counsel and informing the Court that it no longer owned the patent, and Secure was content in being awarded a default judgment.  Moreover, the information proffered by McAfee is useful to this Court because, as set forth in the attached brief, this Court was stripped of its subject matter jurisdiction to adjudicate this action and the claims alleged in this action have been rendered moot by Citadel's sale of the patent at issue to McAfee.  Indeed, (a) because Citadel no longer has any interest in the patent or in this action, (b) because Citadel's pre-sale conduct -- conduct that is the basis of the declaratory judgment action filed by Secure against Citadel -- may not be imputed to McAfee, and (c) because McAfee (rather than Citadel) has not acted in a manner that placed Secure in the position of either pursuing arguably illegal (infringing) behavior, or abandoning possible legal (non-infringing) behavior, this Court lacks subject matter jurisdiction to adjudicate this action under the Declaratory Judgment Act, and the claims alleged in this action by both Secure and by Citadel have been rendered moot by the sale of the patent at issue to McAfee.  Accordingly, the information proffered by McAfee is timely and useful, and, thus, the third prong of the standard set forth above in paragraph 2 is satisfied.

7.    Although it would be disingenuous for McAfee to state that it is completely impartial to a particular outcome in the action, it is accurate to state that McAfee does not want either Secure or Citadel to pursue this action, and, in fact, McAfee cannot formulate a reason that

would justify Secure and Citadel wanting to pursue this action. Indeed, in addition to the fact that this Court lacks the subject matter jurisdiction to adjudicate this action and to the fact that the claims alleged in this action have been rendered moot, because there no longer is a dispute between Secure and Citadel, and because there never was a dispute between Secure and McAfee, it is beyond reason for either Secure or Citadel to want to continue this action. Accordingly, McAfee is not partial to a particular outcome in the action to the extent that McAfee believes that Secure and Citadel mutually should dismiss this action, and to the extent that McAfee believes that this Court should dismiss this action for lack of subject matter jurisdiction or for mootness, and, thus, the fourth prong of the standard set forth above in paragraph 2 is satisfied.

8.    Based upon the arguments presented above in paragraphs 4 through 7, McAfee satisfied each and every prong of the applicable standard and this Court should permit McAfee to file the attached brief as amicus curiae. If this Court denies the motion, and McAfee is not permitted to present information to this Court and to contribute to this Court's understanding of the issues being presented in this action, then this Court, notwithstanding its lack of subject matter jurisdiction, likely will enter a default judgment against Citadel in this action and may create a dispute between Secure and McAfee in connection with the default judgment although there exists no current dispute between these entities. Simply stated, denying the motion and entering a default judgment are the wrong decisions in this action, and granting the motion and permitting McAfee to present information to this Court will assist this Court in reaching the right decision in this action.

WHEREFORE, McAfee respectfully requests that this Court (a) grant its motion seeking leave to file a brief as amicus curiae in response to the Court's Order to Show Cause, (b) enter an Order in a form substantially similar to the proposed order attached hereto as Exhibit B, and (c) grant other and further relief as this Court deems just, appropriate and equitable.

GREENBERG TRAURIG, LLP

Michael J. Maimone (Del. No. 3592)
Titania Mack Parker (Del. No. 4120)
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
(302) 661-7000

Attorneys for McAfee, Inc.

Dated: May 20, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SECURE ELEMENTS, INC.,                    )
                                          )
    Plaintiff and Counterclaim            )
    Defendant,                            )
                                          )
            v.                            )        Civil Action No. 06-098-SLR
                                          )
CITADEL SECURITY SOFTWARE, INC.           )
n/k/a CDSS WIND DOWN, INC.,               )
                                          )
    Defendant and Counterclaim            )
    Plaintiff                             )

## CERTIFICATE OF SERVICE

Titania Mack Parker, being duly sworn according to law, deposes and says that

she is employed by Greenberg Traurig, LLP, which is counsel for McAfee, Inc. and that

on the 20th day of May 2008, she caused copies of the *Motion Of McAfee, Inc. Seeking*

*Leave To File A Brief As Amicus Curiae In Response To The Court's Order To Show*

*Cause* to be electronically filed with the Clerk of Court using CM/ECF. Service was

caused to be effected upon the parties listed below in the manners indicated:

***Via* Electronic Filing and Hand Delivery**

Steven J. Balick, Esq.
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

*Attorney for Plaintiff and Counterclaim Defendant Secure Elements, Inc.*

***Via* Electronic Filing, Facsimile and US Mail**

Steven B. Solomon, Chief Executive Officer
Citadel Security Software, Inc.
n/k/a CDSS Wind Down, Inc.
2100 McKinney Avenue, Suite 1500
Dallas, Texas 75201
Facsimile: (214) 520-9293

*Defendant and Counterclaim Plaintiff*

Titania Mack Parker (#4120)

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SECURE ELEMENTS, INC. ,                     )
                                            )
    Plaintiff and Counterclaim             )
    Defendant,                             )
                                            )
          v.                           )    Civil Action No. 06-098-SLR
                                            )
CITADEL SECURITY SOFTWARE, INC. )
n/k/a CDSS WIND DOWN, INC.,                 )
                                            )
    Defendant and Counterclaim             )
    Plaintiff                              )
                                            )

BRIEF OF MCAFEE, INC. AS <u>AMICUS CURIAE</u>
IN RESPONSE TO
<u>THE COURT'S ORDER TO SHOW CAUSE</u>

GREENBERG TRAURIG, LLP
Michael J. Maimone (Del. No. 3592)
Titania Mack Parker (Del. No. 4120)
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
(302) 661-7000

Attorneys for McAfee, Inc., as <u>Amicus Curiae</u>

Dated: May 20, 2008

TABLE OF CONTENTS

CONCISE STATEMENT OF AMICUS CURIAE .......................................................................1

ARGUMENT...............................................................................................................................3

    I.    AFTER THE SALE OF THE PATENT FROM CITADEL TO MCAFEE, THIS COURT
         WAS STRIPPED OF ITS SUBJECT MATTER JURISDICTION TO ADJUDICATE
         THIS ACTION.................................................................................................................3

    II.   AFTER THE SALE OF THE PATENT FROM CITADEL TO MCAFEE, THE CLAIMS
         ALLEGED IN THIS ACTION BY BOTH SECURE AND CITADEL WERE
         RENDERED MOOT..........................................................................................................5

CONCLUSION..........................................................................................................................7

i

TABLE OF AUTHORITIES

Federal Cases

Echostar Satellite LLC v. Finisar Corp., 515 F.Supp.2d 447 (D. Del. 2007) ................................4

In re Allied Artists Pictures Corp., 71 B.R. 445 (S.D.N.Y. 1987) .................................................5

In re REA Express, Inc., 2 B.R. 730 (S.D.N.Y. 1980) ..................................................................6

MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 S. Ct. 764, 166 L. Ed.2d 604 (2007).....3

National Hairdressers' & Cosmetologists' Ass'n v. Philad Co., 4 F.D.R. 106 (D. Del. 1944).......6

Rauckman Util. Prods., L.L.C. v4, F.D.R. 106 (D. Del. 1944),. Tyco Elec. Logistics AG,
2006 WL 2249945,(S.D. Ill. 2006) ............................................................................................4

Sandisk Corp. v. Stimicroelectronics, Inc., 480 F.3d 1372 (Fed. Cir. 2007) .................................3

Sherman Treaters, Ltd. v. Ahlbrandt, 607 F. Supp. 939 (D.D.C. 1985) .........................................5

Teva Pharm. USA, Inc. v. Novartis Pharm. Corp., 482 F.3d 1330 (Fed. Cir. 2007) ......................4

CONCISE STATEMENT OF AMICUS CURIAE

On February 14, 2006, plaintiff, counterclaim defendants Secure Elements, Inc. ("Secure") commenced this declaratory judgment action against defendant, counterclaim plaintiff Citadel Security Software, Inc. ("Citadel"). See D.I. 1. In the action Secure was seeking (among other things) a declaratory judgment that it did not infringe upon a patent owned by Citadel -- U.S. Patent No. 7,000,247 (the "Patent"). In its counterclaim, dated March 6, 2006, Citadel alleged (among other things) that Secure infringed upon the Patent. See D.I. 5. Accordingly, this entire action is based upon the alleged infringement of the Patent by Secure.

On or about December 4, 2006, McAfee, Inc. ("McAfee") purchased the subject matter of this litigation -- the Patent -- from Citadel while this action was pending. At no time before or after the purchase of the Patent from Citadel did McAfee threaten Secure with an enforcement action or otherwise state, suggest or imply (through words or conduct) that Secure was infringing upon the Patent. In sum, after the purchase of the Patent by McAfee, no dispute existed between Secure and Citadel (as the former owner of the Patent), and no dispute existed between Secure and McAfee (as the current owner of the Patent). Notwithstanding the fact that no dispute exists currently, neither Secure nor Citadel informed this Court (a) that this Court lacked the subject matter jurisdiction to adjudicate the matter because an "actual controversy" does not exist, or (b) that the claims alleged in this action by both Secure and Citadel have been rendered moot by Citadel's sale of the Patent to McAfee.

On April 22, 2008, this Court entered an order to Show Cause, in which this Court Ordered that "on or before May 22, 2008, defendant shall show cause why judgment should not be entered against it in the above-captioned action for failure to defend." D.I. 26. McAfee believes that Citadel will not respond to the Order to Show Cause because, on January 11, 2007, Citadel's former counsel informed this Court that, because of the sale of the Patent to McAfee,

Citadel "no longer has an interest in this case as it no longer owns the patent in suit." D.I. 20, at

¶ 4. In light of the fact that Citadel appears unwilling to respond to the Order to Show Cause,

and the fact that neither Secure nor Citadel appears willing to inform this Court that the sale of

the Patent to McAfee stripped this Court of its subject matter jurisdiction to adjudicate this action

and rendered the claims alleged in this action moot, on May 21, 2008, McAfee was compelled to

file a motion seeking leave to file a brief as amicus curiae in response to this Court's Order to

Show Cause (the "Motion"). If this Court grants the Motion, then this is McAfee's amicus brief.

ARGUMENT

I.    AFTER THE SALE OF THE PATENT FROM CITADEL TO MCAFEE, THIS COURT WAS STRIPPED OF ITS SUBJECT MATTER JURISDICTION TO ADJUDICATE THIS ACTION

The Declaratory Judgment Act (the "DJA"), 28 U.S.C. § 2201 (2006), provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).  The "actual controversy" requirement of the DJA is rooted in Article III of the United States Constitution, which requires an actual controversy between parties before a Federal court may exercise jurisdiction to adjudicate the action.   See Sandisk Corp. v. Stimicroelectronics, Inc., 480 F.3d 1372, 1378 (Fed. Cir. 2007).

The United States Supreme Court recently examined the "actual controversy" requirement as its relates to the DJA.  Specifically, in MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 S. Ct. 764, 166 L. Ed.2d 604 (2007), the Supreme Court stated that in patent cases, as in all other cases, the general rules regarding the existence of an "actual controversy" under Article III and the DJA apply, and, under those rules, an "actual controversy" exists where a dispute is "definite and concrete" and "real and substantial," and where "under all the circumstances . . . there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." 127 S. Ct. at 771.

Within months of the decision in MedImmune, the Court of Appeals for the Federal Circuit twice applied the test articulated by the Supreme Court, and stated that, based upon the decision of the Supreme Court, "Article III [and DJA] jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either

pursuing arguably illegal behavior or abandoning that which he claims a right to do." Sandisk, 480 F.3d at 1381 (emphasis added). Indeed, the Federal Circuit explained that the DJA requires a "controversy," which "is found where a plaintiff has demonstrated an injury-in-fact caused by the defendant that can be redressed by the court." Teva Pharm. USA, Inc. v. Novartis Pharm. Corp., 482 F.3d 1330, 1340 (Fed. Cir. 2007) (emphasis added). In sum, based upon the decision of the Supreme Court in MedImmune and the decisions of the Federal Circuit in Sandisk and Teva, an "actual controversy" is "definite and concrete," "real and substantial" and "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" for purposes of the DJA where the declaratory judgment defendant's conduct forces the declaratory judgment plaintiff to decide between (a) pursuing arguably illegal (infringing) behavior, or (b) abandoning possibly legal (non-infringing) behavior. As simply stated by this Court, "[t]his inquiry focuses on the conduct of the defendants to determine whether the defendants' actions have injured the plaintiff." Echostar Satellite LLC v. Finisar Corp., 515 F. Supp.2d 447, 450-51 (D. Del. 2007) (citing Teva, 482 F.3d at 1337).

In this action, Secure no longer may assert that the conduct of Citadel injures Secure because Citadel no longer owns the Patent. See, e.g., Rauckman Util. Prods., L.L.C. v. Tyco Elec. Logistics AG, 2006 WL 2249945, at *2 (S.D. Ill. 2006) (dismissing an action under the DJA against a patent licensee where the licensee did not have the authority to bring an infringement action). Indeed, former counsel for Citadel made it crystal clear that Citadel "no longer has an interest in this case as it no longer owns the patent in suit." D.I. 20, at ¶ 4. Moreover, in this action, Secure may not assert that the conduct of McAfee injures Secure because McAfee has not acted in a manner that placed Secure in the position of either pursuing

arguably illegal (infringing) behavior, or abandoning possible legal (non-infringing) behavior.[1] Accordingly, because there is no "actual controversy" between and among Secure, Citadel and McAfee, this Court lacks subject matter jurisdiction to adjudicate this action under the DJA and this action should be dismissed.

II.   AFTER THE SALE OF THE PATENT FROM CITADEL TO MCAFEE, THE CLAIMS ALLEGED IN THIS ACTION BY BOTH SECURE AND CITADEL WERE RENDERED MOOT

It is well established that in commercial contexts, "circumstances" may occur that renders meaningless a declaration of rights sought by a declaratory judgment plaintiff, and, thus, renders the declaratory judgment action moot. See In re Allied Artists Pictures Corp., 71 B.R. 445, 449 (S.D.N.Y. 1987) (a declaration of defendant's ability to transfer its film library could not have been meaningfully granted after defendant accomplished a sale of the asset, and, thus, the declaratory judgment action was rendered moot). Included in these "circumstances" is the sale of the subject matter of the action to a third party. Indeed, where a sale of the subject matter of the action occurs pending determination of the action (seeking declaratory relief or otherwise), the action must be dismissed as moot because no effectual relief may be granted by a court. See In re REA Express, Inc., 2 B.R. 730, 733 (S.D.N.Y. 1980) (action was rendered moot where asset at issue was sold to a third party). This well-established rule applies with equal force to declaratory judgment actions involving patents. Specifically, as this Court held over six decades ago, an action for declaratory judgment that a patent was void was rendered moot by the sale of

---

[1] Regardless of Citadel's conduct prior to the sale of the Patent to McAfee, McAfee has not taken any action that arguably injured Secure, and the pre-sale conduct of Citadel may not be imputed to McAfee by virtue of the sale alone. See Sherman Treaters, Ltd. v. Ahlbrandt, 607 F. Supp. 939 (D.D.C. 1985) (to establish an "actual controversy," plaintiff must demonstrate an injury "by the defendant presently before the court"). Indeed, it is beyond dispute that (a) McAfee is not a defendant presently before this Court, and (b) McAfee's conduct (in contrast to Citadel's conduct) did not injure Secure.

the patent to a third party so that defendant no longer held title to the patent.  See National Hairdressers' & Cosmetologists' Ass'n v. Philad Co., 4 F.R.D. 106, 107 (D. Del. 1944).

In this action, if this Court holds that it has subject matter jurisdiction to adjudicate this action (which it does not), then this action should be dismissed because the subject matter of this action -- the Patent -- was sold by Citadel to McAfee pending determination of this action.  This sale of the Patent renders meaningless the declaration of rights sought by Secure, and, thus, renders the declaratory judgment action moot.  Accordingly, because no effectual relief may be granted by this Court in this action, this action should be dismissed.

CONCLUSION

For the reasons set forth above, this Court should dismiss this action because no "actual controversy" exists, and, thus, this Court lacks the subject matter jurisdiction to adjudicate this action, or, alternatively, because the claims alleged in this action have been rendered moot.

GREENBERG TRAURIG, LLP

Michael J. Maimone (Del. No. 3592)
Titania Mack Parker (Del. No. 4120)
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
(302) 661-7000

Attorneys for McAfee, Inc., as Amicus Curiae

Dated: May 20, 2008

7

Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SECURE ELEMENTS, INC. ,          )
                                 )
    Plaintiff and Counterclaim   )
    Defendant,                   )
                                 )
         v.                      )         Civil Action No. 06-098-SLR
                                 )
CITADEL SECURITY SOFTWARE, INC.  )
n/k/a CDSS WIND DOWN, INC.,      )
                                 )
    Defendant and Counterclaim   )
    Plaintiff                    )
                                 )

[PROPOSED] ORDER

The Court, having considered the Motion of McAfee, Inc. Seeking Leave To File

A Brief As Amicus Curiae In Response To The Court's Order To Show Cause (the

"Motion"), filed by McAfee, Inc. on May 21, 2008, and having good cause therefor,

IT HEREBY IS ORDERED this _____ day of _____ 2008, that:

1.    the Motion is GRANTED; and

2.    McAfee, Inc. is directed to file with the Court and to serve upon the

parties the brief attached to the Motion as Exhibit A.

_____
U.S.D.J.